IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HOWARD RICE | : | |
|    Plaintiff | : | CIVIL ACTION NO. WDQ-07-3189 |
| | : | |
|    v. | : | |
| | : | |
| STEPHEN H. SACHS, ESQ. | : | |
|    Defendant | : | |
| | : | |

..oOo..

**MEMORANDUM**

Before the Court is a pro se pleading titled "Assumpsit Action for Breach of Contract (Malpractice), " filed by Howard Rice, an inmate at the Federal Correctional Institution-Allenwood. Plaintiff pleaded guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 846, and was sentenced on October 29, 2004, to a term of 135 months imprisonment. *See United States v. Rice, et al.*, Criminal Action No. L-04-84 (D. Md). Plaintiff requests $18,000.00, the amount he paid to Defendant who is an attorney, to represent him in criminal proceedings.[1] For the reasons that follow, the Court concludes that there is no basis to exercise jurisdiction over this complaint. The Complaint will be dismissed without prejudice.

Federal courts are courts of limited jurisdiction "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The Court is required to determine whether there is a proper basis for exercising jurisdiction and "dismiss the action if no such ground appears." *Id*. at 352; *see also* Fed. R. Civ. P. 12(h)(3) (providing that "[w]henever it appears... that

---

[1] Plaintiff has neither submitted the civil filing fee nor moved to proceed in forma pauperis. The Court will grant him leave to proceed in forma pauperis without prepayment of filing fees for the limited purpose of preliminary review of the Complaint.

the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). Federal question jurisdiction is satisfied when a civil claim arising under the Constitution or laws of the United States.  *See* 28 U.S.C. § 1331.

The instant complaint is based on essentially the same facts presented by Plaintiff in Civil Action No. WDQ-07-2272, *Rice v. Sachs*, (D.Md), which this Court dismissed as frivolous.[2] Plaintiff's appeal of that decision is now pending before the United States Court of Appeals for the Fourth Circuit.  *See Rice v. Sachs*, CA4 No. 07-7489.

In the case *sub judice*, plaintiff is attempting to revisit these same claims in the guise of a breach of contract and legal malpractice action.  Neither claim presents a federal question over which this court may exercise jurisdiction, as these are state law claims.  To the extent Plaintiff brings this action based on diversity jurisdiction, the amount in controversy does not meet the statutory requirement.  *See* 28 U.S.C. § 1332(a)(1). [3]  There is neither basis for federal question jurisdiction nor diversity jurisdiction.  The case will be dismissed without prejudice.

December 6, 2007                                             /s/
Date                                                  William D. Quarles, Jr.
                                                      United States District Judge

---

[2] Plaintiff was also assigned one strike pursuant to the Prisoner Litigation Reform Act, 28 U.S.C. §1915. Although the Court will not assign a second strike here, Plaintiff is cautioned that he may be barred from filing future suits in forma pauperis if he continues to file actions that are subject to dismissal as frivolous, malicious, or for failure to state a claim on which relief may be granted.

[3] If it is Plaintiff's intent to challenge his conviction and sentence, claims of ineffective assistance of counsel are raised by way of a 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct Sentence.